A. D. GRIEFF & Co. *v.* R. S. KIRK, et als.:

*Suretyship is restrained within the limits expressed and intended by the contract.*

APPEAL from the Sixth District Court of New Orleans, *Howell, J.* *Durant & Hornor* for plaintiffs.

*R. & H. Marr for defendants and appellants.*—This is a rule upon the sureties on an appeal bond; and they have taken this appeal from a judgment condemning them to pay the debt, interest and costs demanded.

In the original action, A. D. Grieff & Co. recovered judgment against George H. Kirk and R. S. Kirk & Co., *in solido.* From this judgment R. S. Kirk & Co. appealed; and R. W. Adams & Co. became sureties in the appeal bond. This court reversed the judgment, and condemned R. S. Kirk, alone, to pay the debt demanded. See original judgment, R. 19, 20; decree of Supreme Court, 31, 32, 33.

Plaintiff caused execution to issue upon this judgment; and upon its return unsatisfied took a rule in the usual form upon the sureties in the appeal bond.

In answer to the rule, defendants plead :

1. That the execution was returned before the legal return day, and that such return is not sufficient to entitle plaintiffs to proceed against them.

2. That plaintiffs are domiciled in New Orleans; that the return does not show that any demand was made upon plaintiffs to point out property of the defendant, R. S. Kirk, and that the return, in this respect, is not sufficient.

3. That the judgment appealed from was rendered against R. S. Kirk & Co.; that defendants became sureties for R. S. Kirk & Co.; that the condition of the bond was, that R. S. Kirk & Co. should prosecute said appeal effectually; that the judgment appealed from, against R. S. Kirk & Co., was reversed ; that no judgment has been rendered against R. S. Kirk & Co.; that the judgment rendered by the Supreme Court on the appeal was against R. S. Kirk, alone; and that defendants were not the sureties of R. S. Kirk, and are not liable upon the bond. R. 37, 38.

In a supplemental answer defendants plead that the firm of R. S. Kirk & Co., the appellants in the original suit, was composed of Robert S. Kirk, George S. Serrill, and William D. Smith. R. 46, 47.

1. The execution was issued on the 11th June, and made returnable in seventy days. It was actually returned on the 18th August. R. 33, 34, 35. We submit, upon the authority of *Woodruff* v. *Penny,* 12 Mart. 676, and *Burr* v. *Tatman,* 10 Rob. 139, that the surety is not bound until the legal delay has expired ; and that a return before the return day of the writ is premature as to him.

2. The Code of Practice, Arts. 726, 727, requires that demand shall be made of the parties to point out property. The return in this case shows that no demand was made upon **either** of the parties ; the only demand mentioned in the return having been made upon plaintiff's attorney. There is no doubt of the necessity of a demand before the sheriff can return the writ, See 10 Rob. 138, in the case just cited ; also, *Gayoso* v.

4

*Hickey*, 4 La., 301; *Conway* v. *Jones*, 17 La. 416. Where the defendant cannot be found, as the court suggests in this last cited case, a *carator ad hoc* may be appointed to represent him, where he has no attorney of record. It seems strange that no inquiry was made of the counsel who appeared and filed an answer for the defendant R. S. Kirk. We submit, that where one of the parties is domiciled in the place at which the court from which the writ emanates is held, it is not sufficient to call upon his attorney to point out property. A. D. Grieff & Co., the creditors of Kirk, lived in New Orleans; and it was not using the diligence required by law, or a compliance with the textual provision of Art. 727, C. P., for the sheriff to call on their attorney. The return, in this respect, seems to us improper and defective, and not sufficient to authorize proceedings against the sureties.

3. It was proven by the testimony of *Weibling*, R. 48, that R. S. Kirk, George S. Serrill, and William D. Smith composed the firm of R. S. Kirk & Co., at the time of the acceptance of the draft sued on; and the record shows that R. S. Kirk & Co. were condemned in the original suit; that R. S. Kirk & Co. appealed; that the judgment against R. S. Kirk & Co. was avoided and reversed; and that judgment was rendered against R. S. Kirk. Has the conditional obligation of R. W. Adams & Co., as sureties in the appeal bond for R. S. Kirk & Co., become absolute?

The law favors the surety, and will not permit his obligation to be extended beyond its precise terms. *Canal Bank* v. *Hagan*, 1 An. 66. An undertaking to be responsible for R. S. Kirk & Co., is very different from an obligation to be responsible for R. S. Kirk alone. R. W. Adams & Co. expressly bound themselves as sureties for R. S. Kirk & Co.; and their suretyship cannot be extended so as to make them responsible for R. S. Kirk alone, because that would be more hazardous and burdensome to them than the suretyship to which they consented, and which alone they contemplated.

There are no presumptions against sureties. They can only be held to the contract as made, to the precise terms of their obligation. *Freeland* v. *Briscoe*, 3 An. 256; *Cartwright* v. *McMillen*, 3 An. 686. The precise obligation in this case is, "*that R. S. Kirk & Co. shall prosecute their appeal, and shall satisfy whatever judgment may be rendered against them, etc., if they be cast in the appeal, otherwise that R. W. Adams & Co., their surety, shall be liable in their place.*" See Bond R. 29, 30. It follows that until R. S. Kirk & Co. are cast in their appeal, and a judgment shall have been rendered against R. S. Kirk & Co., which they shall fail to satisfy, there can be no breach of the precise obligation contracted by R. W. Adams & Co., the sureties; and they cannot be liable.

Who were the principals in this bond? Obviously not R. S. Kirk, but R. S. Kirk & Co., the ideal existence, composed of the several partners, who had, under that name, merged their individuality. In the bond no other person is named as principal or appellant; and until indebtedness and breach are established against R. S. Kirk & Co., by a judgment and failure to pay, plaintiffs can have no claim or demand against R. W. Adams & Co. The judgment against R. S. Kirk & Co., the judgment appealed from, the judgment with reference to which R. W. Adams & Co. bound themselves, having been reversed, the contingency upon which

they obligated themselves has not happened, and cannot happen; and the bond has become inoperative and of no effect.

HYMAN, C. J. Plaintiff sued the commercial partnership of R. S. Kirk & Co., obtained judgment against it, and it appealed.

On appeal the judgment against the partnership was reversed; but a judgment was rendered against R. S. Kirk, one of the partners.

The securities on the appeal bond, R. W. Adams & Co., in answer to a rule served on them, at the motion of plaintiff, to show cause why they should not pay the judgment rendered on appeal, assigned for cause, that the condition of the bond was, that R. S. Kirk & Co. should prosecute effectually the appeal, that they were only securities of said partnership, that the judgment rendered against it in the lower court had been reversed on appeal, that the partnership of R. S. Kirk & Co. was composed of Robert S. Kirk, George S. Serrill and William D. Smith.

Judgment was rendered against the securities decreeing them to pay the judgment against R. S. Kirk.

The securities appealed.

Are the securities liable for the judgment against R. S. Kirk?

No judgment was rendered against him in the lower court—nor did he appeal.

The Supreme Court rendered judgment against him because he was a partner of the firm, having reversed the judgment against R. S. Kirk & Co.

R. S. Kirk's liability as a partner, and so decided, is not a judgment, nor a confirmation of a judgment, against a partnership, of which he was a partner, with others. To conclude otherwise we should have to disregard the judgment rendered on appeal, the words of the bond and the evident intention of the parties to the same expressed therein. The obligation of the sureties was to satisfy whatever judgment might be rendered against R. S. Kirk & Co. on appeal.

No judgment has been or can be rendered against R. S. Kirk & Co. on the appeal, and there can be no judgment to satisfy.

Suretyship is restrained within the limits expressed and intended by the contract. See C. C. 3008.

The judgment of the lower court is avoided and reversed, and judgment is now rendered in favor of the sureties, R. W. Adams & Co.

Plaintiffs are to pay costs of both courts.

HOWELL, J., recused.

ILSLEY and JONES, J. J., absent.